DEKLE, Justice.
Petitioner-claimant suffered an injury in an accident on January 21, 1965, arising out of and in the course of her employment with Respondent Battaglia Fruit Company. Following proceedings before a JIC and the IRC, claimant received compensation benefits. The present claim is for continuing remedial treatment pursuant to a JIC’s order dated Dec. 31, 1969.
Respondent-employer contested the instant claim, arguing that the two-year statute of limitations involving remedial treatment, Fla.Stat. § 440.13(3) (b), F.S.A., has expired. At the hearing, both sides conceded that the only activity within two years of the present suit is the JIC’s order of Dec. 31, 1969. However, this 1969 order of the JIC was based upon the earlier hearing on the matter seeking extended benefits which was held within the two-year statute of limitations, namely, one year earlier on December 9, 1968.
*303 The critical question is whether the order on that hearing was such an “award” of medical benefits as would reactivate the effective two-year statute of limitations period under Fla.Stat. § 440.13(3) (b), F.S.A.[1] Therefore let us examine the order and what was the result of it to see whether it fulfilled this statutory requirement.
The JIC’s order in question dated Dec. 31, 1969, made the following findings relative to the pertinent claim for medical benefits here:
“The undersigned also finds that the claim for specific psychiatric or clinical evaluation or treatment should be denied, accepting the testimony of Dr. Thompson that said treatment probably is not warranted at this time. However, the evidence does reflect, and the undersigned so finds that claimant -may require additional palliative medical treatment from time to time, which treatment has not been denied by the self-insured employer. Although, the self-insured employer has continued to offer the services of Dr. Royston Miller, M.D., and orthopedic surgeon of Orlando, Florida and Dr. Howarth, M.D. and neurosurgeon of Orlando, Florida, it appears to the undersigned that the claimant has more faith in and prefers the treatment of Dr. Chester Thompson, M.D. and medical neurologist of Orlando, Florida, and the undersigned therefore finds that future palliative medical treatment should be under the direction of Dr. Chester Thompson. However the undersigned further finds that claimant’s treatment to the date of said hearing by Dr. Thompson was specifically not authorized, therefore not the responsibility of the self-insured employer herein for payment. All medical treatment under the direction of Dr. Chester Thompson since the date of the hearing is the responsibility and liability of the self-insured employer herein ,for payment.” (emphasis added)
It appears from the foregoing JIC report, based upon a hearing held within the required two years, that an “award” (necessary under the statute) was made for the “future palliative medical treatment” under Dr. Chester Thompson. There had been no prior such direction or “award” for that treatment. The denial of Dr. Thompson’s earlier bills prior to this authorization — or “award” — re-enforces our conclusion that it was an “award” which started the renewed two-year statute of limitations under Fla.Stat. § 440.13(3) (b), F.S.A.
The JIC’s order necessarily constituted an award of medical benefits inasmuch as the Judge could have denied and refused to award any further medical benefits; he chose instead for the reasons he stated to grant that award which is the appropriate springboard for the new two-year statute of limitations supporting the present claim.
The subsequent treatment by Dr. Thompson was on Feb. 18, 1971, within two years of the order of Dec. 31, 1969, and therefore was properly authorized and payable by the employer.
*304 Certiorari is accordingly granted; the reversal of the IRC is quashed with directions to reinstate the JIC’s order holding that the present claim for additional medical benefits does not violate the statutory two-year statute of limitations and must be paid by the employer.
It is so ordered.
CARLTON, C. J., and ERVIN and BOYD, JJ., concur.
ROBERTS, J., dissents.

. Fla.Stat. § 440.13(3) (b), F.S.A., states: “(b) All rights for remedial attention under this section shall be barred unless a claim therefor is filed with the division within two years after the time of injury, except that if payment of compensation has been made or remedial attention has been furnished by the employer without an award on account of such injury a claim may be filed within two years after the date of the last payment of compensation or within two years after the date of the last remedial attention furnished by the employer; and all rights for remedial attention under this section pursuant to the terms of an award shall be barred unless a further claim therefor is filed with the commission within two years after the entry of such award, except that if payment of compensation has been made or remedial attention has been furnished by the employer under the terms of the award a further claim may be filed within two years after the date of the last payment of compensation or within two years after the date of the last remedial attention furnished by the employer.” (emphasis added)